IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRANCE REASER, #265 571, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-cv-1005-ECM |
| | ) | |
| LARRY MCCOVERY, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this *pro se* 42 U.S.C. § 1983 action on December 29, 2016. On January 23, 2017, the court entered an order of procedure directing Defendant to file an answer and special report. Doc. 5. This order also directed Plaintiff to "immediately inform the court and Defendant or Defendant's counsel of record of any change in his address." *Id.* at 2, ¶6. The order also advised Plaintiff that "[f]ailure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action." *Id.* at 3.

The court recently learned that Plaintiff is no longer at the last known service address the court has on file for him.[1]  Consequently, an order was entered on December 17, 2019, requiring that by January 6, 2020, Plaintiff file with the court a current address and/or show cause why this case should not be dismissed for his failure to adequately prosecute this action. Doc. 23.  This order specifically advised Plaintiff this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in the

---

[1]The last address provided to the court by Plaintiff is the St. Clair Correctional Facility.  Doc. 22. A recent search of the inmate database maintained by the Alabama Department of Corrections, http://doc.state.al.us/InmateSearch, indicates Plaintiff  is not incarcerated within the state prison system.

dismissal of this case.  *Id*.  The court has received no response from Plaintiff to the aforementioned order nor has he provided the court with his current address.

The foregoing makes clear Plaintiff has failed to comply with the directives of the orders entered by this court and reflects a lack of interest in the continued prosecution of this case.  This action cannot proceed properly in Plaintiff's absence.  The court, therefore, concludes this case is due to be dismissed.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failure to comply with the orders of this court and to prosecute this action.  It is further

ORDERED that **on or before January 24, 2020**, the parties may file an objection to the Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party object.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 10th day of January, 2020.


/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE